Hearing Date and Time: March 21, 2017 at 10:00 a.m.
Objection Deadline: March 14, 2017 at 4:00 p.m.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FINGER LAKES CAPITAL PARTNERS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-22112-rdd |
| JEFFREY KESWIN,<br>    Plaintiff<br><br>- against -<br><br>FINTER LAKES CAPITAL PARTNERS, LLC,<br>V. ZUBIN MEHTA, and<br>GREGOTRY SHALOV,<br>    Defendants. | Adv. Pro. No. 16-08212-rdd |

## NOTICE OF PLAINTIFF'S MOTION TO ABSTAIN AND REMAND

PLEASE TAKE NOTICE a hearing on the attached motion will be held on March 21, 2017 at 10:00 a.m. before the Honorable Robert D. Drain at the United States Bankruptcy Court for the Southern District of New York, 300 Quarropas Street, White Plains, New York 10601. Any objection to the motion must be filed with the Court and served on Plaintiff's undersigned attorneys, so as to be received by March 14, 2017 at 4:00 p.m.

Dated: February 24, 2017
       New York, New York

STORCH AMINI PC

/s/ Avery Samet
Bijan Amini
Avery Samet
Jaime B. Leggett
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff*

Bijan Amini
Avery Samet
Jaime B. Leggett
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FINGER LAKES CAPITAL PARTNERS, LLC,<br><br>　　　　　　　　　　　　Debtor. | Chapter 11<br><br>Case No. 16-22112-rdd |
| JEFFREY KESWIN,<br>　　　　　　　Plaintiff,<br><br>　- against -<br><br>FINTER LAKES CAPITAL PARTNERS, LLC,<br>V. ZUBIN MEHTA, and<br>GREGOTRY SHALOV,<br>　　　　　　　　　　　Defendants. | Adv. Pro. No. 16-08212-rdd |

**PLAINTIFF'S MOTION TO ABSTAIN AND REMAND**

Jeffrey Keswin ("Plaintiff") moves for an order abstaining from hearing this adversary proceeding pursuant to 28 U.S.C. § 1334(c)(1) and remanding this adversary proceeding pursuant to 28 U.S.C. § 1452(b) to the Supreme Court of the State of New York, County of New York, the court from which it was previously removed (the "State Court"), and respectfully states:

**BACKGROUND**

1.　　On August 1, 2006, Finger Lakes Capital Partners, LLC (the "Debtor") borrowed $400,000 from Plaintiff pursuant to a note (the "Note") governed by New York law. A copy of the Note is attached as Exhibit A to the Affidavit of Jeffrey Keswin, sworn to June 22, 2015, attached hereto as Exhibit 1 (the "Keswin Aff.").

1

2.      V. Zubin Mehta and Gregory Shalov (together with the Debtor, the "Defendants"), the Debtor's principals, both provided personal guarantees of the Debtor's performance under the Note, and signed the Note. (Keswin Aff. ¶¶6, 19-20, Ex. A, Ex. E at 260:7-24, Ex. F at 153:2-4.) In the Note, which was fully due and payable on July 31, 2007, the Debtor promised to pay the principal balance plus interest at the rate of twenty percent (20%) per annum. (Keswin Aff. ¶¶5, 8, Ex. A.) Plaintiff received as collateral "any assets held by Issuer [Debtor], its Principals [Mehta and Shalov], affiliates, and assigns." (Keswin Aff. ¶9, Ex. A.)

3.      On November 21, 2006, Mehta, as the Debtor's managing member, sent Plaintiff and Shalov an e-mail in which he agreed that Mehta and Shalov would be required to repay Plaintiff once they had a return from one of their investments funded by Lyrical Opportunity Partners, L.P. ("Lyrical"), the investment fund managed by Plaintiff. (Keswin Aff. ¶10, Ex. B.) On October 20, 2009, Mehta wrote an e-mail to Lyrical's CFO and Shalov which reaffirmed as much.[1] (Keswin Aff. ¶11, Ex. C.) All of these e-mails were designed to cause Plaintiff to defer pursuing amounts owed under the Note until one of the investments had a successful outcome and funds would be available to repay obligations incurred under the Note. (*See*, *e.g.*, Keswin Aff. ¶10, Ex. B ("The $400k loan was indeed something that you … gave to us personally … and as a result is indeed something we have to make up via our carried interest … We were clear about this and we all agree here … I do want you to know that we will pay you back (regardless of what happens now or eventually) and unfortunately while we can only give you our word, I hope that it stands for something."))

---

[1] On May 24, 2010, Mehta forwarded this e-mail to Lyrical's assistant controller. (Keswin Aff. ¶12, Ex. D.)

2

4. In March 2014, Honeoye Lake Acquisition LLC, one of the Debtor's five investment vehicles created to acquire those investments, sold its assets at a substantial profit, which was the first successful sale of any of the Debtor's Lyrical-funded investments (the principal source from which Defendants agreed they would repay the Note). (Keswin Aff. ¶13.) The distribution of proceeds from that sale was the subject of the Delaware Chancery Court action commenced by the Debtor on June 9, 2014, *Finger Lakes Capital Partners, LLC v. Honeoye Lake Acquisition, LLC, and Lyrical Opportunity Partners, L.P.*, C.A. No. 9742-VCL (Del. Ch.). (Keswin Aff. ¶15.)

5. Shalov testified in the Delaware action that he always intended to repay Plaintiff's loan from carried interest related to the Honeoye transaction. (Keswin Aff. Ex. E at 269:5-17, Ex. H at 531:23-532:3.) Mehta also testified in the Delaware action that Defendants intended to repay the Note from the Debtor's carried interest from the portfolio investments but for the operation of the statute of limitations. (Keswin Aff. Ex. G at 291:14-293:3.)

6. On June 24, 2015, Plaintiff filed a motion for summary judgment in lieu of complaint against Defendants in State Court. All of Plaintiff's claims against Defendants arise under New York law.

7. On August 25, 2015, Defendants filed an opposition to Plaintiff's motion and a cross-motion to dismiss or stay the action, which Plaintiff opposed. Copies of their respective briefs are attached hereto as Exhibit 2 and Exhibit 3.

8. The parties' briefs focused on the impact of the New York statute of limitation and New York tolling doctrines on the claims at issue. On October 13, 2015, the State Court issued a decision staying the action pending disposition of the Delaware action, a copy of which is attached hereto as Exhibit 4.

9. The State Court subsequently lifted the stay following a determination on the merits of the Delaware action (2015 WL 6455367, *aff'd*, 151 A.3d 450), and held a hearing on the motions on December 2, 2015. The State Court so-ordered the transcript of that hearing, a copy of which is attached hereto as <u>Exhibit 5</u>. The State Court found both Plaintiff's motion and Defendants' cross-motion could not be granted because of the existence of issues of fact, and rejected certain arguments advanced by Defendants. (Tr. at 31:13-21.) The State Court also directed that the parties establish a discovery schedule (Tr. at 32:19-23), and February 19, 2016 was set as the deadline to exchange discovery requests. However, the parties did not engage in discovery as discovery had already been conducted in the Delaware action.

10. The Debtor commenced the above-captioned chapter 11 case on January 29, 2016. Plaintiff timely filed a proof of claim in the case.

11. On March 2, 2016, the Debtor removed the State Court action, which was then referred to this Court as an adversary proceeding on March 9, 2016. The removal notice [ECF No. 1] stated bankruptcy jurisdiction existed because this action arises in or is related to the Debtor's chapter 11 case, and is "core" as it concerns disposition of estate property, claim allowance, and the Debtor's ability to reorganize. That is wrong. This action is a non-core breach of contract action asserting a claim for money damages that is at best "related to" the Debtor's chapter 11 case, and Plaintiff stated as much in his Bankruptcy Rule 9027(e) statement [ECF No. 3]. Moreover, Plaintiff made clear in such statement he does not consent to entry of final judgments by this Court in this action, and expressly reserved the right to seek the relief now sought herein.

4. Since the petition date, this adversary proceeding has been held in abeyance pending developments in the Debtor's bankruptcy case, and a pretrial conference was held on January 12, 2017. Plaintiff raised the possibility of liquidating the subject claims within this action before the State Court and then presenting any liquidated claim to this Court for allowance. This

4

Court directed Plaintiff to notify Defendants in writing whether or not he would make such a motion by January 27, 2016 and, if so, to bring such a motion within 30 days.

## ARGUMENT

5.  A federal court to which actions are removed on the basis of their relationship to a bankruptcy case may remand such actions "on any equitable ground." 28 U.S.C. § 1452(b). Further, "nothing in [28 U.S.C. § 1334] prevents a district court … from abstaining from hearing a particular proceeding … related to a case under title 11." 28 U.S.C. § 1334(c)(1). Likewise, abstention is mandatory where a motion is timely filed regarding an action lacking non-bankruptcy federal jurisdiction that can be timely adjudicated in state court. 28 U.S.C. § 1334(c)(2).

6.  As previously held by this Court, the following factors are considered in deciding whether to permissively abstain from hearing a matter:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which [non-bankruptcy] law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable [non-bankruptcy] law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing [non-bankruptcy] law claims from core bankruptcy matters to allow judgments to be entered in [non-bankruptcy] court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*In re Portrait Corp. of Am., Inc.*, 406 B.R. 637, 641-42 (Bankr. S.D.N.Y. 2009).

7.  The standard for remanding a proceeding to state court is substantially similar. As noted in *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 407 (S.D.N.Y. 1991):

5

> Courts consider a number of factors in deciding whether to remand under this section [28 U.S.C. § 1452(b)]. These factors include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

8. These factors support abstaining from hearing this action in favor of the State Court or remanding the same. <u>First</u>, this action is simply an attempt to liquidate a claim against the Debtor and two nondebtors, and any resulting claim against the Debtor will be presented to this Court for allowance or disallowance. In other words, it is entirely feasible to permit the nonbankruptcy law claims to be liquidated in the State Court with enforcement of any resulting judgments left to this Court. Further, the State Court already adjudicated some of the legal disputes in this action, has substantially greater familiarity with the facts and law at issue, and can direct that the action expeditiously proceed to summary judgment or trial.

9. <u>Second</u>, this action entirely involves the interpretation and application of state law relating to breaches of contract and the applicable limitations period. No questions of bankruptcy or federal law are at issue in this action. *See, e.g.*, *Buechner v. Avery,* No. 05-cv-2074, 2005 WL 3789110, at *5 (S.D.N.Y. Feb. 14, 2005) ("Only state law claims are asserted, all purportedly arising under New York law. This factor weighs in favor of remand.").

10. <u>Third</u>, the state law issues presented in this action are challenging and the parties strongly disagree about whether the limitations period can be tolled under state law or be held to run only upon the occurrence of the precondition to payment (here the receipt of carried interest). Plaintiff asserted that the period was tolled by the acknowledgement of the Note by Defendants on

6

multiple occasions,[2] while Defendants have asserted their conduct does not constitute an acknowledgement under state law and does not meet the requirements for state law tolling. Here, the State Court already ruled against Debtor's argument that it has not received carried interest. (Exhibit 5 at 32:12-15), which Plaintiff has argued is a precondition to payment required to occur before the limitations period can be deemed to start running. Moreover, the State Court already ruled genuine fact issues precluded a determination of whether the limitations period had expired. (Exhibit 5 at 31:13-21.) Defendants cannot obtain a "do-over" by asking this Court to issue contradictory rulings. Therefore, comity would be best served by granting the relief sought herein.

11. <u>Fourth</u>, the basis for this Court's exercise of jurisdiction over this action is weak. This is not a core proceeding and is, at best, "related to" the Debtor's chapter 11 case. "Core proceedings are generally defined as matters arising under title 11, or arising in a case under title 11 and which would have no existence outside of the bankruptcy case." *J.T. Moran Fin. Corp. v. Am. Consol. Fin. Corp.*, 124 B.R. 931, 937 (Bankr. S.D.N.Y. 1991). This action arises from Plaintiff's state law claims against Defendants, rather than claims derived from the Bankruptcy Code or Debtor's chapter 11 case. There is no basis for jurisdiction outside of 28 U.S.C. § 1334.

12. <u>Fifth</u>, two Defendants—Mehta and Shalov—are nondebtors and they have not consented to the exercise of this Court's jurisdiction over them in connection with this action. Likewise, Mehta and Shalov have not filed proofs of claim against the Debtor, thereby failing to preserve any claims they may have against it and limiting any "related to" jurisdiction of this Court.

---

[2] *See* Gen. Oblig. Law § 17-101 ("An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take an action out of the operation of the provisions of limitations of time for commencing actions"); *Faulkner v. Arista Records LLC*, 602 F. Supp. 2d 470, 478 (S.D.N.Y. 2009) ("To toll effectively or restart the running of the statute of limitations under § 17–101, an acknowledgment or promise must be in writing, be signed by the debtor party, recognize an existing debt and contain nothing inconsistent with an intention on the part of the debtor to pay it").

Further, Plaintiff's guarantee claims against them are not severable from the claims against the Debtor as they are factually interrelated, and Plaintiff should not be forced to prosecute the same case in this Court against the Debtor and the State Court against Mehta and Shalov. *See, e.g., Kerusa Co. LLC v. W10Z/515 Real Estate Ltd. P'ship.,* No. 04-cv-708, 2004 WL 1048239, at *2 (S.D.N.Y. May 7, 2004) (remanding "perfectly ordinary state-law actions that invoke no aspect of bankruptcy law, that proceed against numerous defendants who are not in bankruptcy and who are jointly and severally liable for all claims and that, even as to the bankrupt defendant, concern actions taken long before the bankruptcy filing").

13.     <u>Sixth</u>, it is possible Defendants are engaging in forum shopping by removing this action only <u>after</u> the State Court ruled in Plaintiff's favor in part and denied their cross-motion to dismiss. Plaintiff is prejudiced by such removal because it denies him his choice of forum. *Buechner*, 2005 WL 3789110, at *6 ("The plaintiffs have elected to bring their claims in Supreme Court, New York County. If the case is litigated in this Court, then plaintiffs will be denied their choice of forum."). The Debtor already objected to the adjudication of this Action in the Delaware action, and once Plaintiff commenced this action in State Court—as jurisdiction would be easier to establish in that forum—and obtained a favorable ruling there, the Debtor removed this action.

14.     <u>Seventh</u>, there is no related proceeding as the only proceeding is the current one pending before this Court, and this factor does not weigh in favor of or against abstention.

15.     Plaintiff also submits that in addition to permissive abstention, mandatory abstention is appropriate here for the above reasons.

8

WHEREFORE, Plaintiff requests that this Court abstain from hearing this action, remand the same to State Court, and grant such other and further relief as this Court deems just and proper.

Dated: February 24, 2017
      New York, New York

STORCH AMINI PC

/s/ Avery Samet
Bijan Amini
Avery Samet
Jaime B. Leggett
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Plaintiff*